UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BIN LING XIEH,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 02-2213

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-153-945)

Submitted: October 1, 2003

Decided: November 19, 2003

Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Theodore N. Cox, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, Jacqueline R. Dryden, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bin Ling Xieh, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Xieh's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Xieh challenges the immigration judge's finding that her testimony was not credible and that she failed to demonstrate that she suffered past persecution or that she possesses a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We have reviewed the immigration judge's decision and the administrative record and find that the record supports the immigration judge's conclusion that Xieh's testimony was not credible and that she failed to establish her eligibility for asylum on a protected ground. *See* 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish her eligibility for asylum); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Xieh seeks.

Additionally, we uphold the immigration judge's denial of Xieh's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Because Xieh fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Finally, we conclude that Xieh has failed to prove that it is more likely than not that she would be subjected to torture upon her return to China, in violation of the Convention Against Torture. Based on our review of the record and the immigration judge's decision deny-

ing relief, we find that Xieh failed to show a "clear probability of persecution" or show that it is "more likely than not" that she would face torture if returned to China. *See* 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that [she] . . . would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*